UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Johnny Arthur Evans, Debtor. | ) ) ) ) ) | Case No. 07-80922-13 |

## ORDER AND OPINION

This matter came before the Court for hearing on August 2, 2007 upon Green Tree Servicing, L.L.C.'s motion for relief from stay and relief from co-debtor's stay filed on July 17, 2007. Donald D. Pergerson appeared on behalf of the Debtor,[1] Johnny Arthur Evans, and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee. Based upon a review of the Motion and the evidence presented, this court makes the following findings of fact and conclusions of law:

Johnny Arthur Evans (the "Debtor") filed his first Chapter 13 petition in the Middle District of North Carolina on October 4, 2005 (the "Previous Case"). His first Chapter 13 plan was confirmed on January 5, 2006, and provided that the Debtor would release a 1998 Redman mobile home (the "Mobile Home") to Green Tree Servicing, L.L.C. ("Green Tree"). The Mobile Home was listed as joint property on the Debtor's Schedule A with a fair market value of $59,589.00 and a secured claim of $47,000.00. Sarah W. Evans ("Co-debtor") is a co-debtor on the debt to Green Tree.

---

[1] Mr. Pergerson was accompanied in court by Ms. Brandy Richardson, a third-year law student admitted to practice under North Carolina's third-year practice rule.

In the Debtor's Previous Case, the confirmation order provided that the automatic stay was modified to allow Green Tree to repossess and foreclose upon the Mobile Home. Green Tree was given 120 days from entry of the confirmation order to file a deficiency claim. The order provided that if Green Tree did not file a timely deficiency claim, the Debtor's release of the Mobile Home would be considered to be in full satisfaction of the debt to Green Tree. Because the Debtor's plan was confirmed on January 5, 2006, the deadline for Green Tree's deficiency claim was May 5, 2006. However, Green Tree never foreclosed on the collateral, and accordingly never filed a deficiency claim in the Debtor's first Chapter 13 case. The Debtor's Previous Case was dismissed on July 10, 2006 following the Trustee's motion to dismiss for failure to make plan payments. Consequently, the Debtor did not receive a discharge in his first Chapter 13 case.

The Debtor filed the present Chapter 13 petition on June 29, 2007. The Debtor did not list the Mobile Home on the Schedule A in this case; however, he lists Green Tree on the Schedule F, indicating that he owes a unknown amount, which represents a deficiency balance on a 1995 Redman mobile home released in 2006. The Debtor's Notice to Creditors and Proposed Plan, filed on July 12, 2007, does not provide for repayment of any secured claims held by Green Tree. However, because Green Tree is listed as an unsecured creditor on the Debtor's Schedule F, Green Tree was provided with notice of the proposed plan.

On July 16, 2007, Green Tree filed the instant motion for relief from stay and the co-debtor's stay in the Debtor's second Chapter 13 case. In its motion, Green Tree indicated that the Co-debtor continues to reside in the Mobile Home, and the loan is currently $867.86 in arrears. Green Tree asked the court to grant relief from stay so that it may either foreclose on its

note and deed of trust or deal directly with the Co-debtor without the restrictions of the automatic stay and co-debtor stay. At the hearing, the Trustee indicated that the Debtor does not oppose Green Tree's motion for relief from stay, and proposed that Green Tree be given 180 days from entry of the order granting relief from stay in order to file a deficiency claim in the Debtor's second Chapter 13 case.

The issue before the court is whether Green Tree may file a deficiency claim in the Debtor's current Chapter 13 case even though it never foreclosed on its note and deed of trust in the Debtor's first Chapter 13 case, and therefore did not file a deficiency claim within 120 days after confirmation as provided in the confirmation order.[2] After reviewing the Bankruptcy Code and the case law regarding the effect of dismissal of a debtor's case, this court finds that Green Tree may properly file a deficiency claim in the Debtor's current Chapter 13 case.

Section 349(b) of the Bankruptcy Code provides, "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title ... (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of this title." 11 U.S.C. § 349(b) (2007). Therefore, pursuant to this section, property of the estate revests in a debtor subject to the interests of creditors as they existed immediately prior to the debtor's bankruptcy filing. *In re Davis*, 352 B.R. 758, 765 (Bankr. D.S.C. 2006). "The basic purpose of [§ 349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the

---

[2] Because the Debtor does not oppose Green Tree's motion for relief from the automatic stay, the court will find that Green Tree has met the requirements of 11 U.S.C. § 362(d) without a discussion of the merits. A separate order has been entered lifting the stay and the co-debtor stay.

commencement of the case." S. Rep. No. 989, 95th Cong., 2d Sess. 49.  *See also In re Whitmore*, 154 B.R. 314, 315 (Bankr. D. Nev. 1993) (". . . the effect of the dismissal of a case is to completely 'undo' a case and to restore all parties to their pre-bankruptcy positions, regardless of all interim activities undertaken and orders and judgments entered by the bankruptcy court . . .").

In this case, Green Tree was the holder of a note and deed of trust secured by the Mobile Home and had the right to pursue state law remedies following default by both the Debtor and Co-debtor before the Debtor's first Chapter 13 petition was filed.  Under § 349(b), Green Tree was immediately restored to this pre-bankruptcy position once the Debtor's first Chapter 13 case was dismissed.[3]

An issue that arises is what effect, if any, the Debtor's proposed surrender of the Mobile Home had on the operation of § 349(b)'s revesting of property in the Debtor.  In this case, since the Co-debtor has continued to reside in the Mobile Home, the surrender of the Mobile Home was never completed.  Courts have held that in order to surrender possession of property, a debtor must return and relinquish possession or control of the collateral to the creditor, which does not appear to have occurred in the Debtor's first case.  *See, e.g.*, *In re Theobold*, 218 B.R. 133, 135 (10th Cir. B.A.P. 1998); *In re Smith*, 207 B.R. 26, 30 (Bankr. N.D. Ga. 1997); *In re Robertson*, 72 B.R. 2, 3 (Bankr. D. Colo. 1985).

The confirmation order in the Previous Case contained a provision stating that if Green

---

[3] The legislative history to § 349 indicates that restoring all property rights to the position in which they were found at the commencement of the case "does not necessarily encompass undoing sales of property from the estate to a good faith purchaser."  Therefore, without speculating about how the outcome of this motion would differ if the foreclosure sale had occurred, the court notes that the Code does provide protection for bona fide purchasers in the event of a dismissal prior to discharge.

Tree did not file a deficiency claim within the 120 days allotted, the Debtor's surrender of the Mobile Home would be deemed to be full and final satisfaction of Green Tree's claim. Certainly, if the Debtor had completed his plan payments and obtained a discharge, Green Tree would be bound by the provisions in the confirmation order.  However, once the Debtor's first case was dismissed, the provisions of the first confirmation order were no longer binding upon the parties.  *In re Leroy*, No 05-41993, 2007 Bankr. LEXIS 25 (Bankr. D. Kan. Jan. 8, 2007) (holding that because Chapter 13 debtors failed to perform under their plan and their case was dismissed, the mortgage creditor was not "bound in perpetuity by the terms of a Plan that was never consummated").  Therefore, this court cannot find that the language of the confirmation order in the Debtor's first Chapter 13 case prevents Green Tree from filing a deficiency claim in the instant case.

For the foregoing reasons, this court finds that Green Tree shall have 180 days from entry of this Order and Opinion within which to file a deficiency claim, if any.  If Green Tree fails to timely file a deficiency claim, the Debtor's surrender of the Mobile Home shall be in full satisfaction of the indebtedness due Green Tree.

IT IS SO ORDERED.

## SERVICE LIST

Johnny A. Evans
Debtor

Donald D. Pergerson
Attorney for Debtor

Green Tree Servicing, LLC
Creditor

Craig S. Haskell
Attorney for Green Tree

Richard M. Hutson, II
Trustee